**454**

**AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT,** Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. 467.

United States District Court
E. D. North Carolina,
Fayetteville Division.

Sept. 24, 1956.

Sanford, Phillips & Weaver, Fayetteville, N. C., for plaintiff.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

The Government has moved for summary judgment. The suit was brought by plaintiff, claiming to be subrogated to the rights of J. A. Jones Construction Company to recover under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. for damages to certain property which had been constructed under a contract between Jones and the Government, for which, it is alleged that Jones was obligated to pay by the terms of the contract, and the plaintiff was obligated to pay for Jones under a contract of insurance. It is alleged that plaintiff has paid the amount of the damages.

The position of the Government is that plaintiff cannot recover because the title to the damaged property had passed to the Government before the date of the damage; that Jones could have maintained no action, therefore plaintiff cannot maintain this action upon the claim that it is subrogated to Jones, the reasoning being that, as title to the property had passed to the Government, Jones had no property right therein, and also because Jones was obligated by the contract to pay for the damage to the property. This position amounts to contending that even though the Government negligently caused damages for which the plaintiff under its contract was obligated to pay for Jones and which it did pay in recognition of its liability, the Government is under no liability whatever to pay. Such position should not prevail and it is my opinion that it is not in accord with law.

The contract between Jones and the Government, the faithful performance of which was guaranteed by the plaintiff, contains this provision:

"All *material* and work covered by *progress payments* made shall thereupon become the *sole property* of the Government, but this provision shall not be construed as relieving the contractor from the sole responsibility for all materials and work upon which payments have been made or the restoration of any damaged work, or as a waiver of the right of the Government to require the fulfillment of all of the terms of the contract."

It may be that under this provision all work covered by progress payments became the sole property of the Government, generally speaking, but it is to be noted that when the question was considered in correspondence between Jones and the Government, the Government's representative, Colonel R. L. Hill, advised by letter of January 7, 1955, as follows: "The damage in question occurred before inspection and acceptance of any part of your contract covering the damaged work. This office is not authorized to expend construction funds under the above circumstances. Therefore, under the terms of your contract you are responsible for the replacement of all damaged materials as a result of the crash." Thereupon, the plaintiff paid for replacement of damaged materials in compliance with its contract with Jones. Plaintiff became subrogated thereby to the rights of Jones and may maintain this action in its own name. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.

The quoted clause of the contract placed on Jones the liability to replace or repair any materials, whether or not title thereto had passed to the United States. In view of this liability Jones had an insurable interest in the materials, even though title had passed from Jones to the United States. This is declared in Rice Oil Company v. Atlas Assurance Co., 9 Cir., 102 F.2d 561, 575:

" 'The term "interest" as used in the phrase "insurable interest" is not limited to property or ownership in the subject matter of the insurance. Where the interest of the insured in, or his relation to, the property is such that he will * * * suffer a direct pecuniary injury by its loss, his contract of insurance will be upheld, although he has no legal or equitable title.' " To hold that one has an insurable interest but cannot collect for damage to such interest would make a mockery of the law. As pointed out by plaintiff's counsel, if title to the damaged property passed to the United States, Jones stood in position of bailee with an obligation to replace and repair, regardless of where title rested, and a bailee may insure goods in his possession and in case of loss collect the full amount of his special loss and hold any surplus for the bailor. Am.Jur., Bailments, Sec. 239. Jones suffered loss and was reimbursed by plaintiff. In my opinion, the plaintiff may recover what it has paid under the rule of subrogation and lack of legal title to the damaged property, if such be the case, is no bar to the claim. The loss of plaintiff resulted from the fulfillment of a contractual obligation due Jones by plaintiff, and did not depend upon where legal title rested. The Government determined administratively that Jones was liable and plaintiff relied thereon in paying Jones' claim.

I am in full agreement with plaintiff's counsel in the position that neither of the two cases cited by Government's counsel sustain the Government's contention. Both dealt simply with whether title had passed to the Government under a contract provision similar to the one here; neither attempted to interpret the provision holding the contractor responsible for restoration and replacement of damaged material and work.

Even if it be assumed that title to the damaged property passed to the United States, as above set out, I am of the opinion that, if plaintiff should prove its allegations, recovery is in order. But as said by plaintiff's counsel: "It is difficult to

believe that in a head-on test here, if title were the controlling factor, the Government would be allowed to escape the consequences of its tortious actions by reliance upon a contractual clause obviously not designed with such a happening as occurred there in mind * * *. The contractual clause is obviously designed to relieve the Government of the risk of damage to materials it has paid for but has not yet assumed control over, arising from factors beyond its control; and certainly should not be construed to relieve at another's expense when the loss occurs from factors specifically within the Government's control." This argument makes sense and I adopt it.

As it does not appear from the pleadings and affidavits that there is no genuine issue as to any material fact, the motion for summary judgment is denied.